# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JAVIER MONROY,<br><br>    Petitioner,<br><br>    v.<br><br>K. HARRINGTON, Warden,<br><br>    Respondent. | 1:10-cv-00781-JLT HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner, serving a 22-year sentence as a result of convictions in 2001 in the Fresno County Superior Court, filed his petition on May 4, 2010, challenging the $5,000 restitution order imposed upon his conviction. (Doc. 1). Petitioner contends that the restitution order is illegal because no "fitness hearing" was held to determine Petitioner's ability to pay the restitution fine. (Doc. 1, pp. 6; 8). Petitioner does not challenge any other facet of his 2001 conviction or his 2002 sentence. (Doc. 1).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it

plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases. A preliminary review of the Petition establishes that the Court lacks habeas jurisdiction to proceed. Accordingly, the petition should be dismissed.

Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis supplied).

The "in custody" requirement is jurisdiction for a federal habeas court. <u>Baily v. Hill</u>, 599 F.3d 976, 978 (9th Cir. 2010). In <u>Baily</u>, the Ninth Circuit observed that the "in custody" requirement of federal habeas law has two aspects. First, the petitioner must be "under the conviction or sentence under attack at the time his petition is filed." <u>Baily</u>, 599 F.3d at 978-979, *quoting* <u>Resendiz v. Kovensky</u>, 416 F.3d 952, 956 (9th Cir. 2005). For this aspect of "in custody," actual physical custody is not indispensable to confer jurisdiction; rather, the court will have habeas jurisdiction if a sufficient "restraint on liberty," as opposed to a mere "collateral consequence of a conviction," exists. <u>Id</u>. at 979. In this case, because Petitioner was in physical custody of Respondent at the time he filed the instant petition, this first aspect of the "in custody" requirement is not at issue.

The second aspect of "in custody," however, is fatal to Petitioner's habeas claim:

> The plain meaning of the test of § 2254(a) makes clear that physical custody alone is insufficient to confer jurisdiction. Section 2254(a)'s language permitting a habeas petition to be entertained 'only on the ground that [the petition] is in custody in violation of the Constitution or laws or treaties of the United States," explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody.
>
> Giving the crucial statutory phrase within § 2254(a) its ordinary, natural meaning, we cannot but conclude that to sustain his habeas challenge, [petitioner] must show that his custody in itself, or its conditions, offends federal law. It is not enough for [petitioner] to say, in substance, my custody is okay and consistent with federal law, but I should not be burdened by this restitution requirement. What [petitioner] is required to pay in restitution is not by ordinary meaning a part of his custody.

<u>Baily</u>, 599 F.3d at 980. (Citations omitted).

1    In <u>Baily</u>, the petitioner, as here, had challenged only his restitution fine.  After the above

2 discussion, the Ninth Circuit flatly rejected habeas jurisdiction under such circumstances:

> [Petitioner's] challenge to the restitution order lacks any nexus, as required by the plain test of § 2254(a), to his custody.  While [petitioner's] liberty has been severely restrained by his conviction and custodial sentence, the remedy that [petitioner] seeks, the elimination or alteration of a money judgment, does not directly impact–and is not directed at the source of the restraint on–his liberty.  If successful, [petitioner] could reduce his liability for restitution but would still have to serve the rest of his custodial sentence in the same manner; his remedy would affect only the fact or quantity of the restitution that he has to pay to the victim. [Petitioner's] argument is only that he has been ordered to pay restitution "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and not that his custody is unlawful.  That he is in physical custody while attacking the restitution order is insufficient to confer jurisdiction over his habeas petition.

<u>Baily</u>, 599 F.3d at 981.

   Here, Petitioner does not challenge any aspect of his 2001 conviction in the Fresno County Superior Court, nor any aspect of his sentence of 22 years.  His only complaint is that the $5,000 restitution fine was illegally imposed because the court did not first conduct a "fitness hearing" to determine Petitioner's ability to pay the fine.  While Petitioner was clearly in the physical custody of Respondent at the commencement of these proceedings, and while he remains in custody of Respondent at this time, such physical custody is insufficient to confer habeas jurisdiction.  <u>Baily</u>, 599 F.3d at 981.  In the absence of any challenge to Petitioner's conviction and sentence, the required nexus between the claims raised in the petition and the unlawfulness of Petitioner's custody is absent.  <u>Id</u>.  Accordingly, without habeas jurisdiction, the Court cannot proceed and the petition should be dismissed.  <u>Id</u>.

   Moreover, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-336 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity

```
of a warrant to remove to another district or place for commitment or trial a person
charged with a criminal offense against the United States, or to test the validity of such
person's detention pending removal proceedings.
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may
not be taken to the court of appeals from--
        (A) the final order in a habeas corpus proceeding in which the detention
            complained of arises out of process issued by a State court;  or
        (B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has
made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue
or issues satisfy the showing required by paragraph (2).
```

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.   Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Accordingly, the Court DECLINES to issue a certificate of appealability.

**ORDER**

Therefore, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for lack of habeas jurisdiction;

2. The Clerk of the Court is DIRECTED to enter judgment and close the case; and,

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **June 11, 2010**                             **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE